IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

v.          Criminal Action No. 3:21-CR-49
(GROH)

JONATHAN TOEBBE and
DIANA TOEBBE,

         Defendants.

**PROTECTIVE ORDER REGARDING UNCLASSIFIED DISCOVERY**

On this day, the above-captioned criminal action came before this Court for consideration of the United States' Unopposed Motion for Protective Order. In the motion, the United States requests that this Court enter a Protective Order restricting the unclassified discovery in lieu of redactions of personal identifying information and blurring of innocent bystanders captured in video recordings included in the discovery. The defendants do not oppose the motion, and the defendants and the government have agreed to the below-outlined language of a Protective Order.

Upon careful consideration of the above, this Court finds good cause to restrict the unclassified discovery as requested and hereby **GRANTS** the motion. Accordingly, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Rule 16.09 of the Local Rules of Criminal Procedure, this Court hereby **ORDERS** as follows:

1.     The United States shall disclose its unclassified discovery to counsel for the defendants via two (2) copies of encrypted, password-protected electronic media devices. When appropriate, such as in the case of any non-voluminous disclosures, the United States may utilize a secure file transfer system known as USA File Exchange ("USAfx") to electronically effectuate disclosure of unclassified discovery.

2. Counsel for the defendants shall not create any additional electronic copies of the provided electronic media devices or the materials provided via USAfx. Counsel for the defendant may make two (2) hard paper copies of the unclassified discovery for review purposes. Counsel for the defendants may share the provided electronic media devices and/or any hard paper copies with any member of the defense team, who is assigned to review the same. For viewing purposes only, counsel for the defendants may also download the files to their computer and/or the computer of any member of the defense team assigned to review the unclassified discovery.

3. Counsel for the defendants shall maintain the provided copies of the electronic media devices and any materials provided via USAfx, and the two (2) hard paper copies of the unclassified discovery, in a secure location.

4. Subject to the following two (2) exceptions, counsel for the defendants may provide one (1) hard paper copy of the unclassified discovery to each of the defendants. First, counsel for the defendants may not provide to either defendant a copy of the parts of the discovery, which contain sensitive personal identifying information of individuals other than the defendants or their children. This includes records containing dates of birth, social security numbers, the street address, and the bank account numbers of individuals other than the defendant. Second, counsel for the defendants may not provide to either defendant a copy of the video recordings, which captured innocent bystanders in the frame. Counsel for the defendants may, however, display these records and video recordings to the defendants.

5. Counsel for the defendants shall destroy the unclassified discovery, both electronic and hard copies, pursuant to the protocol of his or her office, not to exceed within five (5) years following the date on which the criminal action is closed.

6. Upon the closing of this criminal action, the defendants shall destroy their copy of the unclassified discovery, which they were permitted to be provided under this Order.

7. The United States shall delete from USAfx any and all materials uploaded to USAfx as soon as practicable after counsel for the defendants has downloaded those materials from USAfx.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** _____, 2021.

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE