IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      CRIMINAL ACTION NO.: 3:21-CR-49-2
                              (GROH)

DIANA TOEBBE,

    Defendant.

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
## DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

On January 10, 2022, Defendant Diana Toebbe filed an Appeal from Magistrate Judge's Order Denying Motion to Reopen Detention Hearing. ECF No. 83. Therein, the Defendant moves this Court, pursuant to 18 U.S.C. § 3145(b), to reopen her detention hearing to consider purported new information and release her. Id. After reviewing the record and applicable law, this Court affirms Magistrate Judge Trumble's decision.

### I. BACKGROUND

On October 19, 2021, a Grand Jury sitting in the Northern District of West Virginia returned an indictment against the Defendant, charging three counts related to communication of restricted data. See ECF No. 37. On October 20, 2021, Magistrate Judge Trumble held a detention hearing and entered an Order detaining the Defendant the following day. ECF No. 57. Magistrate Judge Trumble found the Defendant is a danger to the community and a flight risk; accordingly, he ordered the Defendant be detained pending resolution of the charges against her. Id. The Defendant did not appeal

Magistrate Judge Trumble's Order detaining her. However, on December 8, 2021, the Defendant filed a Motion to Reopen her detention hearing. ECF No. 75. The Defendant argued her detention hearing should be reopened because new information and evidence became available that warranted her release from detention. The Government opposed the Defendant's motion. ECF No. 79. Judge Trumble denied the Defendant's Motion to reopen her detention hearing. ECF No. 82. It is from this Order that the Defendant appeals. See ECF No. 83.

## II. APPLICABLE LAW

This Court reviews *de novo* a magistrate judge's decision to detain a defendant pending trial, and this Court "must make an independent determination of the proper pretrial detention or conditions of release." See United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). 18 U.S.C. § 3142(f) provides that "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

However, the Court notes that unlike the typical appeals it has considered in this context, the Defendant has not appealed the Magistrate Judge's detention Order, but instead, she has appealed a decision not to reopen the detention hearing. Although Rule 59 of the Federal Rules of Criminal Procedure may be the more appropriate vehicle for seeking this Court's review of a Magistrate Judge's Order denying a motion to reopen a detention hearing, the Court nonetheless utilizes the *de novo* standard set forth in

§ 18 U.S.C. 3145.

### III. ANALYSIS

The Court has reviewed the Defendant's appeal, Government's response, and the Defendant's reply, as well as the indictment, detention hearing transcript, detention order, motion to reopen and Order denying the same. Upon this Court's independent review and consideration, Magistrate Judge Trumble's order denying the Defendant's motion to reopen the detention hearing is affirmed.

The Defendant advances three major arguments in support of her appeal: 1) previously undisclosed text messages undermine the Government's arguments at the detention hearing; 2) since the detention hearing, the Defendant's husband (and alleged co-conspirator) says she is innocent; and 3) the Magistrate Judge did not address the $100,000 cash bond the Defendant's father was willing to post to assure her appearance.

Defendant's first argument is that the text messages Magistrate Judge Trumble relied upon as part of his Detention Order were taken out of context, and now that the Defendant has the context, the hearing should be reopened. Specifically, the Defendant avers that Signal messages she sent her husband about fleeing the country were "because of her intense dislike of the former president, Donald Trump, not because she was involved in any alleged criminal activity with her husband . . . ." ECF No. 83 at 3.

Government's Exhibit 26 was admitted during the detention hearing, detailing a series of messages between the Defendant and her husband co-defendant. Notably, there was conversation about leaving the country. The Defendant's husband said, "We've got passports and some savings. In a real pinch, we can flee quickly." See ECF No. 70 at 58. The Defendant agrees, and says, "[l]et's go sooner than later." Id. Later, the

Defendant says, "I cannot believe that the two of us wouldn't be welcomed and rewarded by a foreign government." Id.  In another message, the Defendant says, "I think we need to be actively making plans to leave the country."  Id.  The messages were admitted without objection.

When the Defendant's counsel cross examined the agent who testified about her Signal messages, he asked, "you know from all of your surveillance of the Toebbe residence that Mrs. Toebbe was not a fan of President Trump; correct?" Id. at 62.  The agent conceded, and then agreed that he also observed conversations indicating the Defendant wanted "to leave the country if Trump got reelected."  Id.

This testimony starkly contradicts the Defendant's appeal, in which her counsel asserts that the Agent "denied any knowledge of [the Signal messages] referring to her wanting to leave the country because of political reasons." ECF No. 83 at 6. This assertion is inaccurate, as the detention hearing transcript shows.

Further, the Defendant makes a great deal about these messages being recently disclosed by the Government. The Court finds this of little consequence because the Defendant was a party to the messages and could have easily relayed this to her counsel. Indeed, it seems apparent to this Court that is exactly what happened because her counsel clearly knew their contents as demonstrated by his cross examination at the detention hearing. In short, there is no new evidence in these messages that the Defendant and her counsel were not aware of at the detention hearing.  In fact, her counsel questioned the FBI agent about the messages during the detention hearing.

Second, the Defendant offers jailhouse statements made by her husband, and co-defendant, that she is innocent. The Court can hardly rely upon statements by a co-

defendant—who shares minor children with the Defendant—that his wife and alleged accomplice is innocent. On February 14, 2022—Valentine's Day—Jonathan Toebbe stated under oath that he "conspired with Diana Toebbe to transmit restricted data to a foreign nation in exchange for payment with the intent to injure the United States." On page three of the plea agreement Mr. Toebbe signed, he stipulates that this Defendant "knowingly and voluntarily joined the conspiracy to communicate Restricted Data to another person with the intent to secure an advantage to a foreign nation and committed multiple overt acts in furtherance of the conspiracy . . . ." ECF No. 91 at 3.

Mr. Toebbe's jailhouse statements that the Defendant is innocent may be new, but they certainly are not material evidence. Under the facts and circumstances of this case, a co-defendant spouse's statements that his wife is innocent are a qualitative equivalent to her plea of not guilty. Particularly in light of Mr. Toebbe's contradictory testimony during his Rule 11 hearing, the Court finds no material value for reopening the detention hearing in these statements whatsoever.

Finally, the Defendant argues that because her father is now willing and able to post $100,000 cash bond, the Court should reopen the detention hearing. This Court disagrees. Although it appears that Judge Trumble did not explicitly address this argument in denying the motion to reopen the detention hearing, he considered an argument for cash bond as part of a combination of conditions for the Defendant's release: "So, here's what I have to say. A combination of conditions is that we can come up with some kind of reasonable bond. [T]hey may be able to come up with some money for a reasonable bond for the Court." ECF No. 70 at 107. Further, "[t]he family is willing to do anything, Judge, that you order to help get her out." Id. at 108.

It is clear to this Court that Magistrate Judge Trumble considered these arguments for release and rejected them. Similarly, this Court finds that Magistrate Judge Trumble made no error in denying the motion to reopen the detention hearing. Further, the Undersigned also finds that the Defendant has advanced no new material evidence that was unavailable at the time of her detention hearing.

### III. CONCLUSION

Therefore, considering the evidence and arguments submitted by the parties and having reviewed this matter *de novo*, the Court **AFFIRMS** Magistrate Judge Trumble's Order Denying Defendant's Motion to Reopen the Detention Hearing.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** February 15, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE