IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                            **CRIMINAL ACTION NO.: 3:21-CR-49
(GROH)**

**JONATHAN TOEBBE
and DIANA TOEBBE,**

      Defendants.

## ORDER REJECTING PLEA AGREEMENTS, PERMITTING DEFENDANTS TO WITHDRAW GUILTY PLEAS AND SETTING TRIAL DATES

On August 16, 2022, Jonathan and Diana Toebbe ("Defendants") appeared before this Court for sentencing and acceptance of their pleas of guilty pursuant to agreements with the United States of America ("Government") that contained binding terms of imprisonment. Based on the following, the Court rejected the parties' plea agreements and offered the Defendants an opportunity to move to withdraw their pleas of guilty. Thereafter, the Court accepted the Defendants' request to withdraw their guilty pleas and scheduled this criminal action for trial.

This case involves an alleged conspiracy to communicate restricted data by a former nuclear engineer for the United States Navy and his wife. The Indictment in this case alleges violations of the Atomic Energy Act. Specifically, Mr. Toebbe allegedly took Restricted Data from his workplace over "a period of years" and contacted a foreign government to sell the data. Mrs. Toebbe actively participated in the alleged conspiracy.

At the hearing, the Court outlined its concerns and took particular note of the victim impact statement submitted by the Navy.  The statement said, in part, that a "critical component of national defense has been irreparably compromised" and that the "breadth and depth of Mr. Toebbe's betrayal for personal gain is extraordinary."

The terms of Mr. Toebbe's plea agreement allowed the Defendant to plead guilty to Count One of the indictment, conspiracy to communicate restricted data; receive a binding sentence of no more than 210 months; and dismiss counts two and three.  The statutory maximum sentence the Toebbe's face is imprisonment for life.  Assuming no Top Secret information was involved in the conspiracy, the upper end of Mr. Toebbe's guidelines range would be approximately 24 months higher than the upper end of the binding range the parties' agreed to in the plea.  Mrs. Toebbe's plea agreement included a binding term of no more than 36 months imprisonment.

Upon review and consideration of the filings in this case and after listening to the arguments of counsel at the hearing, the Court could not accept the plea agreements. The Defendants pleaded guilty to a very serious crime—so serious in fact, that it is punishable by life imprisonment.  The Advisory Guidelines Ranges in this case also suggest sentences higher than what the Court could impose based upon the binding terms contained within each Defendant's plea agreement.

Although the Court generally honors plea agreements negotiated by the parties, the Court found the sentencing options available strikingly deficient in this case. Indeed, for example, to limit this Court to imposing a sentence of no more than 36 months for an active participant in a conspiracy to communicate Restricted Data – an act that was

apparently done for selfish and greedy reasons, but that could have easily caused great harm to the Navy, the United States, and even the world – the Court simply cannot accept these plea agreements.

The time contemplated by Mr. Toebbe's plea also falls short given the backdrop of the parties' motivation, his trusted employment position and the threats to national and global security and service personnel alone that his actions caused.

It was not in the best interest of the community, or the country, to accept these plea agreements.  Therefore, the Court rejected them.  There is no question the binding terms were outside the guideline range.  The only question was whether they are outside the range for justifiable reasons. The Court found no justifiable reason to accept the pleas.

During the hearing, the Court recessed after rejecting the proposed plea agreements to allow the Defendants an opportunity to confer with counsel before proceeding.  Thereupon, the Defendants indicated they desired to withdraw their pleas of guilty.  The Court **GRANTED** the Defendants' requests to withdraw their guilty pleas.

Accordingly, this case was scheduled for trial.  **The pretrial in this matter will be held on January 12, 2022, at 9:30 a.m., and the jury trial will commence on January 17, 2022, at 9:00 a.m**.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

  **DATED**: August 18, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE