# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                 **CRIMINAL ACTION NO.: 3:21-CR-49-2 (GROH)**

**DIANA TOEBBE,**

    Defendant.

## CHANGE OF PLEA ORDER

On September 27, 2022, came the United States of America ("the Government") by its counsel, Jarod J. Douglas, Jessica Lieber Smolar, and S. Derek Shugert, Assistant United States Attorneys, and also came Defendant in person and by counsel, Jessica Carmichael, Esq. and Barry P. Beck, Esq., for a change of plea hearing. After placing Defendant under oath, the Court informed Defendant that if she gave false answers to the Court's questions, her answers may later be used against her in a prosecution for perjury or false statement and increase her sentence in this case. As an initial matter, the undersigned informed Defendant of her right to have an Article III Judge preside over the change of plea hearing. After the Court's instruction, Defendant knowingly and voluntarily waived this right and executed a written waiver of the same.

Counsel for the Government advised the Court that the Government had entered into a plea agreement with Defendant. The Government then summarized the terms of the plea agreement. Defendant stated in open court that she fully understood and

agreed with the terms of the plea agreement and that there were no other agreements made between her and the Government.

The Court noted that the plea agreement is a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), and advised Defendant that pursuant to Fed. R. Crim. P. 11(c)(3)(A), the Court may accept the agreement, reject it, or defer a decision until the Court has had an opportunity to receive and review a presentence report. The Court also advised the parties that if the plea is not accepted, Defendant will have the right to withdraw her plea of guilty. The Court also informed Defendant that, under the terms of the plea agreement, she is entering into a limited waiver of her right to appeal, and Defendant confirmed her agreement to the waiver of her appellate rights.

The Court **ORDERED** the plea agreement filed.

The Court confirmed that Defendant had received and reviewed with her attorneys the Indictment in this matter. Defendant waived reading of the Indictment in open court. The Court then reviewed with Defendant Count One of the Indictment, including the elements of the crime the United States would have to prove at trial. The Government proffered a factual basis for the plea. Neither Defendant's counsel nor Defendant disputed the proffer when given the opportunity to do so.

The Court reviewed the maximum sentence for **Count One**, to which Defendant proposed to enter a plea of guilty. The Court advised Defendant that, as part of the fine, she could be required to pay the costs of imprisonment, community confinement, or supervision. The Court also informed Defendant of the mandatory special assessment fee applicable to this case and that restitution may be an issue in this case and that

2

forfeiture is an issue in this case. Additionally, Defendant was informed that a conviction may have additional consequences if she is not a United States citizen.

Defendant stated that she had discussed the application of the U.S. Sentencing Guidelines with her attorneys. Defendant further stated that she understood that the Court would not be able to determine whether to accept the agreed upon sentence until after the United States Probation Office had prepared a presentence report.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty. The Court advised Defendant of her right to plead not guilty and maintain that plea during a trial before a jury of her peers. The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that she understood all of these rights and understood that she would be giving up all of these rights by entering a plea of guilty. Defendant and her counsel stated that Defendant understood all of the consequences of pleading guilty.

Defendant stated that the plea was not a result of any threat, coercion, or harassment and that the plea was not the result of any promises except those contained in the plea agreement. Defendant stated there was nothing she had asked her lawyer to do that was not done. Defendant further stated that her attorneys had adequately

represented her in this matter and that neither she nor her attorneys had found an adequate defense to the charge contained in Count One of the Indictment.

Defendant then entered a plea of **GUILTY** to **Count One** of the Indictment and stated that she was in fact guilty of the crime charged in Count One of the Indictment.

Based upon Defendant's statements and the Government proffer, the Court finds that the plea is freely and voluntarily given, that Defendant is aware of the nature of the charges against her and the consequences of her plea, and that a factual basis exists for the tendered plea. The Court accepted Defendant's plea of guilty and deferred accepting the terms of the plea agreement and adjudicating Defendant guilty of the crime charged in  of the Indictment to the sentencing court. Pursuant to Fed. R. Crim. P. 11(c)(3)(A) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement and the specific sentence therein are deferred until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to § 6A1 et seq. of the United States Sentencing Guidelines, it is hereby **ORDERED** that:

1. The Probation Office undertake a presentence investigation of Defendant and prepare a presentence report for the Court;

2. The Probation Officer and all Parties comply with mandates of Federal Rule of Criminal Procedure 32 and U.S.S.G. § 6A1.2 regarding disclosure, objection, departure motion and sentencing statement requirements;

3. The matter will be set for sentencing following receipt of the presentence report and addendum containing any unresolved objections and the probation officer's comments on them;

4. Defendant is REMANDED to the custody of the U.S. Marshal Service pending sentencing.

IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 27, 2022

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE