```
 1                  IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

 3

 4   United States of America,

 5                          Plaintiff,

 6   vs.                           Criminal Action No. 3:21-cr-49-2

 7   Diana Toebbe,

 8                          Defendant.

 9

10

11           Proceedings had in the Plea Hearing in the

12   above-styled action on February 18, 2022, before the Honorable

13   Robert W. Trumble, Magistrate Judge, at Martinsburg,

14   West Virginia.

15                             APPEARANCES

16   On behalf of the United States of America:

17           Jarod J. Douglas
             Assistant United States Attorney
18           United States Attorney's Office
             P.O. Box 591
19           Wheeling, West Virginia 26003

20

21           Jessica Lieber Smolar
             Assistant United States Attorney
22           United States Attorney's Office
             700 Grant Street
23           Pittsburgh, Pennsylvania  15219

24   The defendant was present in person.

25   Proceedings reported by means of digital recording; transcript
     produced by computer-aided transcription.
```

```
 1                    APPEARANCES (Continued)

 2

 3   On behalf of the United States of America:

 4            S. Derek Shugert, Esq.
             United States Department of Justice
 5           950 Pennsylvania Avenue, NW
             Washington, DC  20530
 6

 7   On behalf of the defendant:

 8            Edward B. MacMahon, Jr., Esq.
             107 East Washington Street
 9           P.O. Box 25
             Middleburg, VA  20118
10

11            Barry P. Beck, Esq.
             Power, Beck & Matzureff Law Offices
12           308 West Burke Street
             Martinsburg, WV  25401
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              (Digitally-recorded proceedings in open court.)
 2                   (February 18, 2022, 11:09 A.M.)
 3                              - - -
 4          THE COURT:  Good morning, everyone.  Please be
 5   seated.
 6      All right.  If the parties are ready to proceed, Chad,
 7   would you call the case for me, please.
 8          THE CLERK:  Certainly.  This is the case of the
 9   United States of America versus Diana Toebbe, Criminal
10   Number 3:21-cr-49, defendant 2.
11      The government is represented by counsel, Jarod Douglas,
12   Jessica Smoler, Derek Shugert.  The defendant is present in
13   person and by counsel, Barry Beck and Edward MacMahon.
14      Are the parties ready to proceed?
15          MR. DOUGLAS:  The United States Government is ready,
16   Your Honor.
17          MR. MACMAHON:  Ready for the defendant, Your Honor.
18   Good morning.
19          THE COURT:  Good morning.  Good morning.  We're
20   scheduled this morning for a binding plea to an indictment.
21   And just a couple of housekeeping matters as we get started.
22   There may be persons or individuals from the public
23   participating in this hearing by virtue of Zoom electronic
24   communications.  I warn those individuals to make sure that
25   their microphones are muted and that their video is off
```

1  throughout the course of this proceeding.

2      The second item of business is, Mr. Douglas, are you going

3  to be speaking on behalf of the government?

4              MR. DOUGLAS:  Yes, Your Honor.

5              THE COURT:  Mr. -- sir, are you going to be speaking

6  on behalf of the defendant in this case?

7              MR. MACMAHON:  Yes, Your Honor.  Edward MacMahon for

8  Ms. Toebbe.

9              THE COURT:  All right, Mr. MacMahon.  Thank you.

10     All right.  If that's the case, Mr. MacMahon, it's my

11  understanding that Ms. Toebbe desires to plead guilty to the

12  charge contained in Count 1 of the original indictment; is that

13  correct, sir?

14              MR. MACMAHON:  That is correct, Your Honor.

15              THE COURT:  All right.  Thank you.

16     Ms. Toebbe, would you please stand, raise your right hand,

17  and be sworn by the clerk.

18     (The defendant was sworn in.)

19              THE DEFENDANT:  Yes.

20              THE CLERK:  Thank you.

21              THE COURT:  Thank you.  Please be seated.

22     Ms. Toebbe, do you understand that you are under oath, and

23  if you answer any of my questions falsely, your answers may

24  later be used against you in another prosecution for perjury or

25  for making a false statement?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Do you understand that if you lie, it may
 3  result in a higher sentence for you?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Now, during the course of this hearing,
 6  I'm going to be asking you several questions.  At any point,
 7  you should feel free to ask questions, ask for an explanation
 8  if you do not understand my question, or ask me to pause the
 9  proceedings so that you may confer with your attorneys.  Do you
10  understand?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Would you state your full name for the
13  record, please.
14              THE DEFENDANT:  Diana Smay Toebbe.
15              THE COURT:  Ms. Toebbe, how old are you?
16              THE DEFENDANT:  Forty-six.
17              THE COURT:  And how much education have you had?
18              THE DEFENDANT:  I have a Ph.D.
19              THE COURT:  So you can read, write, and understand
20  English then?
21              THE DEFENDANT:  Yes, sir.
22              THE COURT:  All right.  Have you recently been under
23  the care of a doctor, psychiatrist, or other medical
24  professional for any serious physical or mental illness,
25  including treatment for an addiction to drugs or alcohol?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Does any of the treatment that you're
 3    receiving affect your ability to understand what we're doing in
 4    this proceeding today?
 5              THE DEFENDANT:  No.
 6              THE COURT:  Did it affect your ability to communicate
 7    with your attorneys concerning the charges that were filed
 8    against you?
 9              THE DEFENDANT:  No.
10              THE COURT:  Did it affect your ability to understand
11    the terms and conditions as set forth in the plea offer offered
12    by the government in this case?
13              THE DEFENDANT:  No.
14              THE COURT:  Are you currently using any form of a
15    controlled substance or any medication or alcohol that might
16    affect your ability to understand this proceeding today?
17              THE DEFENDANT:  No.
18              THE COURT:  Mr. MacMahon, do you have any reason to
19    question the competence of Ms. Toebbe?
20              MR. MACMAHON:  No, Your Honor.
21              THE COURT:  All right.  Thank you.
22       Ms. Toebbe, are you here today to enter a guilty plea as
23    part of a written plea agreement?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Based on your responses, I find that you
```

1   are competent and capable of entering an informed plea.

2        Ms. Toebbe, my name is Robert Trumble.  I'm the United

3   States Magistrate Judge.  You are charged with a felony

4   offense.  You have the right to have this plea taken by an

5   Article III judge, sometimes called a district judge.  Only you

6   can give up that right, and I can only hear your plea if you

7   agree to it by signing a waiver.

8        Now, I have on my bench a waiver that appears to bear your

9   signature.  So first of all, did you, in fact, sign this

10  waiver?

11            THE DEFENDANT:  Yes, I did.

12            THE COURT:  Did you discuss it with your attorneys

13  before you signed it?

14            THE DEFENDANT:  Yes.

15            THE COURT:  And you understand the purpose for the

16  waiver is to allow me to hear your plea today; is that correct?

17            THE DEFENDANT:  Yes.

18            THE COURT:  And you've agreed to it by signing it?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Did anyone force or pressure you into

21  signing the waiver?

22            THE DEFENDANT:  No.

23            THE COURT:  Mr. MacMahon, do you -- is it your

24  understanding that your client agrees to the waiver, sir?

25            MR. MACMAHON:  Yes, Your Honor.

1    THE COURT:  All right.  I find that the waiver has

2  been properly executed and direct that it be filed.

3     Ms. Toebbe, do you understand that you have the right to

4  be represented by counsel at every stage of these proceedings,

5  including your sentencing, and if you could not afford

6  counsel, you have a right to have counsel appointed on your

7  behalf?

8    THE DEFENDANT:  Yes.

9    THE COURT:  Mr. MacMahon, do you or any member of

10  your office or firm represent anyone, including codefendants,

11  who might be interested in the outcome of this matter?

12    MR. MACMAHON:  No, Your Honor.

13    THE COURT:  And, Mr. Beck, do you or any member of

14  your office or firm represent anyone, including codefendants,

15  who might be interested in the outcome of this matter?

16    MR. BECK:  No, Your Honor.

17    THE COURT:  All right.  Thank you.

18     Ms. Toebbe, do you believe that you've had adequate time to

19  discuss your case fully with your attorneys, Mr. MacMahon and

20  Mr. Beck?

21    THE DEFENDANT:  Yes.

22    THE COURT:  Have they been able to answer your

23  questions about how best to proceed in this case?

24    THE DEFENDANT:  Yes.

25    THE COURT:  Is there anything your lawyers have not

1   done which you have asked them to do?

2           THE DEFENDANT:  No.

3           THE COURT:  Are you completely satisfied with the

4   legal advice that you've received from Mr. MacMahon and

5   Mr. Beck?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Mr. MacMahon and Mr. Beck, I'll ask you

8   to respond to these questions.

9      During the time that you've represented Ms. Toebbe, has she

10  been cooperative with you?

11          MR. MACMAHON:  She has, Your Honor.

12          MR. BECK:  Yes, Your Honor.

13          THE COURT:  Have you had adequate time to discover

14  the government's case?

15          MR. MACMAHON:  Yes, Your Honor.

16          MR. BECK:  Yes, Your Honor.

17          THE COURT:  Have you had adequate time to consider

18  the possible defenses to the charge?

19          MR. MACMAHON:  Yes, Your Honor.

20          MR. BECK:  Yes, Your Honor.

21          THE COURT:  Do you know of any viable defense to the

22  charge contained in Count 1 of the original indictment?

23          MR. MACMAHON:  Your Honor, this being a conditional

24  plea, I would say that there are viable defenses to Count 1,

25  but they're all waived by this plea agreement, knowingly and

1    intelligently done so by Ms. Toebbe.  But as the Court frames

2    the question, I would have to answer it that way.

3          THE COURT:  Do you know of any absolute defense to

4    the charge contained in Count 1, sir?

5          MR. MACMAHON:  No absolute defenses, Your Honor.

6          THE COURT:  Mr. Beck?

7          MR. BECK:  I agree, Your Honor, with Mr. MacMahon's

8    statement.

9          THE COURT:  All right.  Thank you.

10     Have you discussed all of those issues with your client?

11         MR. MACMAHON:  Yes, of course, Your Honor.

12         MR. BECK:  I have, Your Honor, yes.

13         THE COURT:  All right.  Thank you very much.

14     All right.  We have a plea agreement in this case.

15     Mr. Douglas, would you summarize the contents of the plea

16   agreement for the Court.

17         MR. DOUGLAS:  Yes, Your Honor.

18     Your Honor, I have here in my hands the original written

19   plea agreement between the parties.  It's in letter format.  It

20   is 8 pages, 19 paragraphs in length, and it is dated

21   February 15, 2022.

22     In the first paragraph, the defendant agrees to plead

23   guilty to Count 1 of the indictment.

24     The second paragraph informs her of the maximum statutory

25   penalties.  Not more than life in prison, a fine of up to --

1    not more than 2,000 -- $100,000, and a term of supervised

2    release of not more than 5 years.

3        That paragraph also informs her of the mandatory special

4    assessment of $100 and that she might be required to pay the

5    costs of any incarceration.

6        Your Honor, because this is a binding plea, paragraph 3 is

7    the paragraph that sets forth the binding term that the parties

8    have agreed to which is a sentence of not more that 36 months

9    of imprisonment.  The Court will, of course, still determine

10   the amount of supervised release and any fine.  The parties

11   understand that the Court does -- if the Court does not accept

12   the binding provision, then Ms. Toebbe would have the right to

13   withdraw her plea of guilty.

14       On to paragraph 4.  Even though this is a binding plea, we

15   still stipulate to the base offense level in this case which is

16   a base offense level of 37 because of the involvement of the

17   type of restricted data being classified at a confidential

18   level.

19       Paragraph 14 does reflect the parties' understanding that

20   if the Court -- that the Court is not bound by that particular

21   paragraph and that particular stipulation; and if the Court

22   does not accept it, then the defendant does not have the right

23   to withdraw her guilty plea.

24       Your Honor, paragraph 5 contains the parties' stipulation

25   as to the facts supporting this plea.  I'm not going to go over

1   that in detail at this point in time because pursuant to the

2   parties' agreement, when we get to the factual basis, I will be

3   proffering that factual stipulation as the factual basis for

4   the plea.

5       Therefore, moving on to page 3, paragraph 6 contains what

6   we call the *Booker* waiver.  The defendant waives her right to

7   have sentencing determinations made by a jury beyond a

8   reasonable doubt and instead submits that to the sentencing

9   judge by a preponderance of the evidence standard.

10      In paragraph 7, the defendant agrees to be completely

11  forthright and truthful of all questions made of her, including

12  sitting for a polygraph examination if requested to do so.

13  That paragraph then goes on to list the specific items.  In

14  addition, that the defendant would agree to cooperate regarding

15  access to electronic devices and accounts, finding and

16  retrieving the $100,000 that was paid as part of this case, and

17  assisting federal officials with locating any classified

18  information that is outstanding.

19      Paragraph 8 then provides the defendant with some limited

20  use immunity that goes along with that cooperation with an

21  exception of any evidence of crimes of violence.  But it does

22  indicate that this agreement does not prevent the defendant

23  from being prosecuted for any violations of other federal and

24  state laws should such evidence be obtained from an independent

25  legitimate source separate and apart from any of that

1   cooperation and information.  That paragraph concludes by

2   reflecting the defendant's understanding that she could still

3   be prosecuted for perjury or giving a false statement to a

4   federal agent if that would occur by virtue of her

5   cooperation.

6       Paragraph 9 reflects the defendant's understanding and

7   agreement that she shall not knowingly have contact with any

8   foreign government or agents thereof except with the written

9   and expressed permission of the FBI unless it's simply for

10  obtaining a foreign travel visa and that she shall not seek or

11  knowingly accept any benefit from any foreign country, and, if

12  she does, it's assigned to the United States.

13      Moving on to paragraph 10.  It reflects the defendant's

14  knowing and voluntary waiver of any further or additional

15  discovery in this case and also her waiver of any pending

16  requests for discovery.

17      Moving on to page 5, paragraph 11.  This paragraph

18  reflects the defendant's understanding and agreement that not

19  later than 30 days following her sentencing hearing, she will

20  return all of the discovery provided by the United States in

21  this case unless there's some exception granted from the

22  government.

23      Paragraph 12 reflects the defendant's agreement to forfeit

24  and abandon the specific items that are listed here in

25  paragraph 12 -- all papers, digital media, electronic devices

1   seized from her residence, her vehicles, and Mr. Toebbe's Naval
2   Reactors office in October of 2021.
3        In paragraph 13, the government agrees to advise the Court
4   of the defendant's forthrightness and truthfulness or fail to
5   be forthright and truthful and asks the Court to give it such
6   weight as it deems appropriate.  In addition, the United States
7   agrees in this paragraph that it will move to dismiss Counts 2
8   and 3 of the indictment at her sentencing hearing as they
9   pertain to her.
10       While this is a binding plea agreement, paragraph 14
11   nevertheless contains some nonbinding recommendations that the
12   United States would make.  First, a two-level reduction for
13   acceptance of responsibility; second, an additional one-level
14   reduction for timely acceptance of responsibility.  That was
15   conditioned upon the defendant executing and returning this
16   plea agreement on or before 5:00 P.M. on February 17, 2022.  I
17   can represent to the Court that it was so timely executed and
18   returned.
19       Paragraph 15 reflects the defendant's understanding that
20   if she fails to cooperate as promised, fails to make a
21   truthful debriefing, is found to be deceptive during any
22   polygraph, violates any provision of the plea agreement, the
23   United States will not be bound to make those recommendations
24   or take those actions and will have the right to revoke the
25   agreement.

1          Page 6, paragraph 16 contains the appellate and habeas

2     corpus waivers in this matter, all of which are conditioned

3     upon the Court sentencing the defendant pursuant to paragraph 3

4     of this agreement.  In other words, to or under that binding

5     term.

6          Paragraph 16-A is the direct appellate waiver with regard

7     to the conviction, and that relates to any ground whatsoever

8     the conviction cannot be appealed.

9          16-B is a direct appellate waiver with regard to the

10    sentence.  Again, for any reason whatsoever, and there's a list

11    of examples of reasons there.

12         16-C is the habeas corpus waiver that she waives any

13    challenge to her conviction or sentence pursuant to 28 U.S.C.

14    § 2255.

15         This paragraph does go on to indicate that, of course,

16    nothing in the paragraph acts as a bar to the defendant

17    perfecting any legal remedies she may otherwise have on appeal

18    or collateral attack with regard to ineffective assistance of

19    counsel or prosecutorial misconduct, but she does agree in this

20    agreement that there is currently no known evidence of either

21    of those types of claims.

22         In paragraph 17, the government reserves the right to

23    provide the Court and probation office with all information

24    with regard to defendant's background in preparation for the

25    presentence report and pre -- and for the sentence itself.

1      Paragraph 18 contains some provisions with regard to

2  agreements on the -- any monetary penalties.  That they'll be

3  subject to immediate enforcement; that she would authorize our

4  office to look into her credit reports; that she would give us

5  financial information in a written statement if requested to do

6  so; that she will participate in the Bureau of Prisons Inmate

7  Financial Responsibility Program regardless of whether that's

8  ordered; and it reflects the understanding that any monetary

9  penalty can be submitted to the Treasury for offset.

10      Finally, on the final page, paragraph -- page 8, paragraph

11  19 simply reflects that the above 18 paragraphs I just

12  outlined, those constitute the entire agreement between the

13  parties, and there are no other agreements.

14      This plea agreement does appear to be signed by Ms. Toebbe

15  and Mr. MacMahon on every page, and I've signed it on behalf of

16  the U.S. attorney as well as our special assistant U.S.

17  attorney here and, in addition, the trial attorneys from the

18  Department of Justice.

19          THE COURT:  Thank you, Mr. Douglas.  Would you hand

20  the plea agreement to Mr. MacMahon.

21          MR. DOUGLAS:  So tendered, Your Honor.

22          THE COURT:  All right.  Thank you.

23      Mr. MacMahon, did Mr. Douglas provide a fair summary of the

24  entire agreement, sir?

25          MR. MACMAHON:  He did, Your Honor.

1           THE COURT:  Ms. Toebbe, do you understand what this

2   agreement does?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  Do you understand what this agreement

5   requires of you?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Do you have any questions about your plea

8   agreement?

9           THE DEFENDANT:  No.

10           THE COURT:  I'd like you to take a look at the plea

11   agreement that was just handed to your attorney.  First of all,

12   just tell me how many pages are in that plea agreement.

13           THE DEFENDANT:  Eight.

14           THE COURT:  At the bottom of each page, there's a

15   signature line that appears to bear your signature.

16           THE DEFENDANT:  Yes.

17           THE COURT:  Ms. Toebbe, is that your signature at the

18   bottom of each page?

19           THE DEFENDANT:  It is.

20           THE COURT:  Ms. Toebbe, were each of the paragraphs

21   of the plea agreement discussed with you prior to your reaching

22   an agreement with the government?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Now, do you understand that this is a

25   binding plea, meaning that you have agreed to be sentenced to

1    not more than 36 months of imprisonment?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Do you also understand that because this

4    is a binding plea agreement, the sentencing court may accept

5    the plea agreement, reject it, or defer a decision until it has

6    reviewed the presentence report; and if the Court does not

7    accept the plea, you will have the right to withdraw your plea

8    of guilty?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that under our concept

11    known as relevant conduct, the Court may take into account any

12    conduct, circumstances, and injuries relevant to the crime to

13    which you are pleading guilty?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that under the terms of

16    the plea agreement, you and the government have stipulated and

17    agreed that the total relevant conduct of the defendant is a

18    base offense level of 37 pursuant to Section 2M3.1(a)(2)

19    because the offense involved the communication of restricted

20    data that was classified at the confidential level?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you also understand that there are

23    other stipulations as contained in the plea agreement starting

24    with paragraph number 5 on page 2 and continuing onto page 3?

25    And I'd like you to take a look at those now, and I'd like you

1   to confirm that you have read each of those paragraphs and

2   agreed to the stipulations as set forth in paragraph 5.

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand that in your plea

5   agreement and pursuant to the terms of the plea agreement, you

6   and the government have agreed that you will provide access to

7   and consent to search all electronic devices and accounts

8   owned, possessed, and/or controlled by you and any files

9   contained therein?

10          THE DEFENDANT:  Yes.

11          THE COURT:  You also understand that pursuant to the

12   terms of the plea agreement, you and the government have agreed

13   that you will assist federal officials with locating all

14   classified information and restricted data in any form

15   possessed and/or controlled by you or contained in premises,

16   including electronic devices and accounts possessed and/or

17   controlled by you?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand that under the terms of

20   the plea agreement, you and the government have agreed that you

21   shall not knowingly have any contact with any foreign

22   government or agents thereof except with the express written

23   permission of the FBI unless such contact is solely for the

24   purpose of obtaining a visa for foreign travel, entering and

25   departing a foreign country through customs control, or

1  otherwise related to lawful international travel; further, that

2  you shall not seek or knowingly accept personally or through

3  another person or entity any benefit from any foreign

4  government or agent thereof, and that such -- should such a

5  benefit be received by you or some person or entity on your

6  behalf, you will assign such benefit to the United States?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Ms. Toebbe, does the written plea

9  agreement represent the complete agreement between you and the

10  government?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Is there anything that you and the

13  government have agreed to that is not contained in that written

14  document?

15             THE DEFENDANT:  No.

16             THE COURT:  Ms. Toebbe, do you want me to accept the

17  plea agreement?

18             THE DEFENDANT:  Yes.

19             THE COURT:  I find the defendant, Ms. Toebbe,

20  understands and agrees with the terms contained in the plea

21  agreement.  I order the original plea agreement be filed as

22  part of the record in this case.

23     Mr. MacMahon, would you tender the plea agreement to the

24  Court.

25             MR. MACMAHON:  May I approach, Your Honor?

1           THE COURT:  You may, sir.  Thank you.

2      Ms. Toebbe, have you received a copy of the indictment

3   filed against you in this case?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Have you had an opportunity to read the

6   original indictment?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Would you like me to read the indictment

9   to you or will you waive reading of the original indictment in

10  open court?

11          THE DEFENDANT:  I waive it.

12          THE COURT:  All right.  Thank you.

13     You are pleading to Count 1 of the original indictment

14  which charges you with conspiracy to communicate restricted

15  data in violation of Title 42, United States Code, Section

16  2274(a).

17     Ms. Toebbe, how do you plead to the charge contained in

18  Count 1 of the original indictment?

19          THE DEFENDANT:  Guilty.

20          THE COURT:  Now, before I accept your plea, I want to

21  make sure that there's a factual basis for your plea; that you

22  understand the nature of the charge against you and the

23  consequences of pleading guilty to that charge; that you

24  understand the constitutional and other legal rights you will

25  give up by pleading guilty; and that you are pleading guilty

1   voluntarily.

2       You are charged in Count 1 with conspiracy to communicate

3   restricted data in violation of Title 42, United States Code,

4   Section 2274(a).  Now, Title 42, United States Code, Section

5   2274(a) states in its pertinent part as follows:  "Whoever,

6   lawfully or unlawfully, having possession of, access to,

7   control over, or being entrusted with any document, writing,

8   sketch, photograph, plan, model, instrument, appliance, note,

9   or information involving or incorporating restricted data,

10  communicates, transmits, or discloses the same to any

11  individual or person, or attempts or conspires to do so -- to

12  do any of the foregoing, with the intent to injure the United

13  States or with the intent to secure an advantage to any foreign

14  nation, upon conviction thereof, shall be punished by

15  imprisonment for life, or by imprisonment for any term of years

16  or a fine of not more than $100,000 or both."

17      Now, the term "restricted data" as defined in Title 42,

18  United States Code, Section 2014 means all data concerning

19  design, manufacturer, or utilization of atomic weapons; the

20  production of special nuclear material; or the use of special

21  nuclear material in the production of energy but shall not

22  include data declassified or removed from the restricted data

23  category pursuant to Section 2162 of this title.

24      Ms. Toebbe, do you understand the statute under which

25  you've been charged?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now, if the government had to go to trial

3   in this case, the government would have to prove the following

4   elements of Title 42, United States Code, Section 2274(a)

5   against you beyond a reasonable doubt:  First, that you or

6   another person had possession of, access to, control over, or

7   entrusted with restricted data; second, that you or another

8   person agreed to communicate, transmit, or disclose the

9   restricted data to any individual or person with the intent to

10  injure the United States or to secure an advantage to any

11  foreign nation which agreement constitutes a conspiracy; and

12  third, that you knowingly and voluntarily participated in the

13  conspiracy; and fourth, that an overt act was committed in

14  furtherance of the conspiracy in the Northern District of

15  West Virginia.

16     Ms. Toebbe, do you understand the elements of the statute

17  under which you've been charged?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Now, Ms. Toebbe, considering those

20  definitions, do you consider yourself to be guilty of violating

21  Title 42, United States Code, Section 2274(a)?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Mr. Douglas, would you present your

24  witness or proffer as to what the government would have been

25  able to prove in this case.

1          MR. DOUGLAS:  Yes, Your Honor.

2      Your Honor, as previously stated, the parties have agreed

3  that the factual basis will be made pursuant to a proffer as

4  opposed to calling a witness.  And specifically, Your Honor,

5  the government proffers paragraph 5 of the plea agreement as

6  the factual basis for this guilty plea which I'll summarize

7  now.

8      In the first paragraph under paragraph 5, it reflects the

9  defendant's agreement that she knowingly and voluntarily joined

10  a conspiracy with her husband, Jonathan Toebbe, to communicate

11  restricted data to another person with the intent to secure an

12  advantage to a foreign nation and that she thereafter committed

13  multiple overt acts in furtherance of the conspiracy, including

14  acting as a lookout while Mr. Toebbe serviced three dead drops

15  as is then described in paragraph 5.  The first of which was on

16  June 26, 2021, in Jefferson County, West Virginia, which is, of

17  course, in the Northern District of West Virginia for venue

18  purposes; the second was on July 31, 2021, in south-central

19  Pennsylvania; and the third is on the next page, page 3, was on

20  October 9, 2021, in Jefferson County, West Virginia, which is

21  also another basis for the venue for this case.

22      The only other paragraph within paragraph 5 is the

23  paragraph regarding the eastern Virginia dead drop which the

24  defendant did not attend.  However, there was a message passed

25  by Mr. Toebbe at that dead drop where he mentions one other

1    person knowing of the relationship that he believed he had with

2    COUNTRY1.  That is agreed to and offered as additional factual

3    basis for the knowledge requirement of the defendant in

4    committing this offense.

5              THE COURT:  Thank you, Mr. Douglas.

6       Mr. MacMahon, do you have any objection to the government's

7    proffer?

8              MR. MACMAHON:  No, Your Honor.

9              THE COURT:  Ms. Toebbe, do you have any objection to

10   the government's proffer?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  Ms. Toebbe, is the evidence the

13   government attorney just presented substantially correct?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Did the government's proffer accurately

16   reflect your involvement in what occurred?

17             THE DEFENDANT:  Yes.

18             THE COURT:  All right.  Ms. Toebbe, you need to

19   explain to me what you did that makes you guilty of conspiracy

20   to communicate restricted data in violation of Title 42, United

21   States Code, Section 2274(a).

22             THE DEFENDANT:  At some point during the charged

23   period, knowingly and voluntarily joined a conspiracy with my

24   husband, Jonathan Toebbe, to communicate restricted data to

25   another person or nation not entitled to see it with the intent

1  to secure for that nation an advantage and committed multiple

2  overt acts in furtherance of the conspiracy, including acting

3  as a lookout while my husband made three drops of restricted

4  data.  At least two of those acts were committed in this

5  district.

6      In or about December of 2021, I became aware that my

7  husband was attempting to sell to an unknown foreign nation

8  sensitive information that he had illegally taken from his job

9  with the Navy.  As stated above, I thereafter acted as a

10  lookout for him when he attempted to drop that information to

11  the foreign nation or their representatives.

12          THE COURT:  And these overt acts and this knowledge

13  of the restricted data and the attempt to transmit it to a

14  foreign nation, these acts occurred from on or about April 1,

15  2020, through on or about October 9, 2021, at or near Jefferson

16  County in the Northern District of West Virginia as it relates

17  to this conspiracy?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Mr. MacMahon, are you satisfied, again,

20  sir, that if this case went to trial, there would be no

21  meritorious legal defense to the charge?

22          MR. MACMAHON:  Yes, Your Honor.

23          THE COURT:  And are you satisfied that Ms. Toebbe's

24  constitutional and other rights have been observed fully?

25          MR. MACMAHON:  Yes, Your Honor.

1              THE COURT:  And do you concur in her now-stated

2    intention to enter a plea of guilty to this charge?

3              MR. MACMAHON:  I do, Your Honor.

4              THE COURT:  And to the extent that I need to,

5    Mr. Beck, do you agree to Mr. MacMahon?

6              MR. BECK:  I do as well, Your Honor.

7              THE COURT:  All right.  Thank you.

8       All right, Ms. Toebbe, I find that there is a sufficient

9    factual basis for your plea of guilty.

10      Now, Ms. Toebbe, do you understand that you are pleading

11   guilty to a felony offense; and if your plea is accepted,

12   you'll be adjudged guilty of that felony offense?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And do you also understand that such

15   judgment may deprive you of valuable civil rights such as your

16   right to vote, your right to hold public office, your right to

17   serve on a jury, and your right to possess a firearm or gun of

18   any kind?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Now, I understand that this is a binding

21   plea, but do you understand the statutory penalties that you

22   are facing as a result of this charge?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Then you understand that you expose

25   yourself to a maximum penalty of imprisonment for a term of not

1  more than life; a fine of not more than $100,000; and a term of

2  supervised release of not more than 5 years?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Mr. Douglas, is there a mandatory minimum

5  component of the sentence that the defendant exposes herself

6  to?

7          MR. DOUGLAS:  No, Your Honor.

8          THE COURT:  All right.  Thank you.

9     Now, Ms. Toebbe, do you understand that supervised release

10  means that after imprisonment, you'll be supervised by the

11  probation office under conditions that will be set by this

12  Court?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And do you understand that if you violate

15  the terms of your supervised release, the Court may revoke the

16  term of your supervised release and order you to serve a term

17  in prison?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand that you'll be required

20  to pay a special assessment of $100 for having been convicted

21  of a felony offense?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand that you've agreed as a

24  condition of your plea agreement to pay this special assessment

25  before the date of sentencing?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that as part of your

3   fine, you could be required to pay the cost of incarceration

4   and/or the cost of supervision upon release?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Have you discussed those costs with your

7   attorneys?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Then you understand that it now costs

10  $3,688 per month per person for prison; $371 per month per

11  person for supervised release; and $2,980 per month per person

12  for a residential reentry center?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Ms. Toebbe, do you understand that the

15  Court has the authority to order restitution in your case?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And do you understand that the government

18  may seek forfeiture in your case?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you understand that the forfeiture of

21  certain assets is part of the sentence that may be imposed in

22  your case?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand that as part of your

25  plea agreement, you've agreed to forfeit and abandon to the

1   United States all of your right, title, and interest in the

2   following items that you agree constitute money, property,

3   and/or assets derived from or obtained by you as a result of or

4   used to facilitate the commission of your illegal activities,

5   being all papers, digital media, and electronic devices seized

6   from your residence, your vehicles, and Mr. Toebbe's Naval

7   Reactor's offices in October of 2021?

8           THE DEFENDANT:  Yes.

9           THE COURT:  In addition, do you understand that

10  you've agreed to assist federal officials with locating and

11  retrieving the $100,000 which the FBI paid to you via Monero

12  cryptocurrency in exchange for restricted data; in this regard,

13  you voluntarily abandon all right, title, and interest and

14  claim to the $100,000?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Ms. Toebbe, do you understand that by

17  pleading guilty, if you are not a citizen of the United States,

18  you may be removed from the United States, denied citizenship,

19  and denied admission to the United States in the future?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Now, do you understand that even though

22  this is a binding plea, the sentencing guidelines may still

23  play a role in your case because the Court can only accept a

24  plea agreement containing a specific sentence if it determines

25  that the sentence is appropriate under the U.S. Sentencing

1   Guidelines?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Have you and -- have you and your

4   attorneys discussed the application of the sentencing

5   guidelines to your case?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Do you understand that the Court may

8   defer deciding whether to accept the plea agreement in your

9   case until after the presentence report has been completed?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Do you understand that both you and the

12  government will have an opportunity to object to the

13  presentence report?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that parole has been

16  abolished, and that you will not be -- and that if you are

17  sentenced to prison, you will not be released on parole?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Now, do you understand that in your plea

20  agreement, you've waived any right to have sentencing

21  determinations made by a jury and for a jury to determine any

22  and all facts relevant to the application of the guidelines in

23  conformity with the Supreme Court case of *United States v.*

24  *Booker*?

25          THE DEFENDANT:  Yes.

```
 1              THE COURT:  You also understand that you agreed for
 2    the United States district judge to determine any and all facts
 3    and to make a resolution of the application of any and all
 4    guideline factors?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  You also understand that you agreed that
 7    the district judge should make any sentencing determinations,
 8    including, but not limited to, guideline determinations using
 9    the preponderance of the evidence standard?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Now, Ms. Toebbe, do you understand that
12    in your plea agreement, provided the Court accepts the binding
13    plea, that you've agreed to give up your right to appeal your
14    sentence under many circumstances?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Ms. Toebbe, everyone found guilty of a
17    crime in federal court has the right -- in this district has
18    the right to appeal their conviction and sentence to the Fourth
19    Circuit Court of Appeals in Richmond, Virginia.  In Richmond, a
20    three-judge panel reviews the conviction and sentence to see if
21    it was done correctly.
22        Do you understand that pursuant to the terms of paragraph
23    16-A of your plea agreement that you have knowingly waived all
24    right pursuant to Title 28, United States Code, Section 1291 or
25    any other statute or constitutional provision to appeal your
```

1    conviction on any ground whatsoever; this includes a waiver of

2    your right to appeal your conviction on the ground that the

3    statute to which you are pleading guilty is unconstitutional or

4    on the ground that the admitted conduct does not fall within

5    the scope of the statute?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand that pursuant to the

8    terms of paragraph 16-B of your plea agreement that you have

9    knowingly and expressly waived all rights conferred by Title

10   18, United States Code, Section 3742 to appeal whatever

11   sentence is imposed, including any fine, term of supervised

12   release, or order of restitution for any reason, including the

13   establishment of the advisory sentencing guideline range, the

14   determination of your criminal history, the weighing of the

15   sentencing factors, and any constitutional challenges to the

16   calculation and imposition of any term of imprisonment, fine,

17   order of forfeiture, order of restitution, and term or

18   condition of supervised release?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Do you understand that you only have the

21   right to appeal your guilty plea if you believe it was unlawful

22   or involuntary or that there was some other fundamental defect

23   in the proceeding that was not waived in the plea agreement

24   itself?

25             THE DEFENDANT:  Yes.

1          THE COURT:  However, you agree that your guilty plea

2     today is lawful and voluntary and that there has been no

3     fundamental defect in the proceedings that you're aware of; is

4     that correct?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you also understand that everyone has

7     the right to challenge their conviction or sentence or the

8     manner in which it was determined in a post-conviction

9     proceeding, sometimes called a habeas corpus petition or

10    collateral attack, under Title 28, United States Code, Section

11    2255?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand that pursuant to the

14    terms of paragraph 16-C of your plea agreement that you have

15    knowingly waived your right to challenge the conviction or the

16    sentence which is within the maximum provided in the statute of

17    conviction or the manner in which it was determined in any

18    post-conviction proceeding, including any proceeding under

19    Title 28, United States Code, Section 2255?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand that your only

22    legal remedies on appeal or collateral attack are for claims

23    of ineffective assistance of counsel or prosecutorial

24    misconduct?

25          THE DEFENDANT:  Yes.

```
 1              THE COURT:  However, you agree that there is
 2    currently no known evidence of ineffective assistance of
 3    counsel or prosecutorial misconduct; is that correct?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Ms. Toebbe, have you discussed the waiver
 6    of these important appellate rights with your attorneys?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Having done so, do you still wish to
 9    waive these rights?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Mr. MacMahon, do you believe that the
12    defendant fully understands the importance of the rights she is
13    waiving, sir?
14              MR. MACMAHON:  Yes, I do, Your Honor.
15              THE COURT:  Now, Ms. Toebbe, do you understand that
16    should you find some basis on which to file an appeal, with few
17    exceptions, any notice of an appeal must be filed within 14
18    days of judgment being entered in your case?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Based on your responses, Ms. Toebbe, I
21    find that you understand the nature of the charge and the
22    consequences of a guilty plea to the charge.
23         Now, Ms. Toebbe, do you understand that you have the right
24    to continue to plead not guilty to the charge?
25              THE DEFENDANT:  Yes.
```

1          THE COURT:  Do you understand that by pleading
2   guilty, you give up your right to a speedy and public trial by
3   jury?
4          THE DEFENDANT:  Yes.
5          THE COURT:  Do you also understand that by pleading
6   guilty, you give up your right to force the government to come
7   forward with witnesses and evidence against you?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Do you understand that you would have
10  been presumed innocent until the government presented enough
11  evidence to satisfy both the judge and a jury beyond a
12  reasonable doubt of your guilt?
13         THE DEFENDANT:  Yes.
14         THE COURT:  Do you understand that when you admit
15  your guilt as you have here, you relieve the government of the
16  burden of proving your guilt?
17         THE DEFENDANT:  Yes.
18         THE COURT:  Do you understand that you would have had
19  the right to the assistance of counsel at trial?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Do you understand that you and your
22  attorneys would have had the right to confront and cross
23  examine your accusers and to test the truth of what they
24  said?
25         THE DEFENDANT:  Yes.

```
1              THE COURT:  Do you understand that by pleading
2   guilty, you give up that right?
3              THE DEFENDANT:  Yes.
4              THE COURT:  Do you understand that had you desired to
5   go to trial and wished to call witnesses that you would have
6   been entitled to the services of the U.S. Marshal to bring
7   witnesses to court under subpoena?
8              THE DEFENDANT:  Yes.
9              THE COURT:  Do you understand that by pleading
10  guilty, you give up your right to call witnesses except at your
11  sentencing hearing?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Do you understand that you would have had
14  the right to move to suppress or keep away from the jury's
15  hearing or consideration any evidence of any nature that had
16  been illegally or unlawfully obtained?
17             THE DEFENDANT:  Yes.
18             THE COURT:  Do you understand that had you desired to
19  go to trial that you would have had the right to testify at
20  trial?
21             THE DEFENDANT:  Yes.
22             THE COURT:  However, you understand that you could
23  not have been compelled or forced to testify at trial?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Do you understand that you'd have had the
```

1    right to go to trial and remain silent; that is, not take the

2    witness stand or call any witnesses or present any evidence

3    whatsoever on your own behalf?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand that the Court would

6    have instructed the jury that they could not convict you

7    because you'd exercised your constitutional right to remain

8    silent but could only base their decision on an offer of proof

9    from the government?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you understand that you give up your

12   right to a unanimous verdict from a jury?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Mr. MacMahon, do you believe that the

15   defendant understands the consequences of her guilty plea?

16             MR. MACMAHON:  Yes, Your Honor.

17             THE COURT:  Thank you.

18      Ms. Toebbe, I find that you understand the constitutional

19   and other legal rights you are giving up by pleading guilty.

20      Now, Ms. Toebbe, knowing all of those things, do you still

21   wish to plead guilty at this time?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Has any person forced you, threatened

24   you, coerced you, intimidated you, or talked you into entering

25   a guilty plea against your will?

```
1              THE DEFENDANT:  No.

2              THE COURT:  Are you acting voluntarily and of your

3    own free will in entering this guilty plea?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Ms. Toebbe, are you pleading guilty

6    because you are guilty of the crime charged in Count 1 of the

7    original indictment?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Ms. Toebbe, has anyone promised you or

10   told you something that is different from what I've told you

11   today to get you to plead guilty?

12             THE DEFENDANT:  No.

13             THE COURT:  Is the plea the result of any promises

14   other than those promises specifically contained in the written

15   plea agreement?

16             THE DEFENDANT:  No.

17             THE COURT:  Are you pleading guilty to protect

18   anyone?

19             THE DEFENDANT:  No.

20             THE COURT:  Has anyone promised or predicted the

21   exact sentence which will be imposed upon you in this matter?

22             THE DEFENDANT:  No.

23             THE COURT:  Do you understand that at this time, no

24   one could know the exact sentence which will be imposed in your

25   case?
```

1          THE DEFENDANT:  Yes.

2          THE COURT:  Ms. Toebbe, have you been able to fully

3   understand what is going on in these proceedings today?

4          THE DEFENDANT:  Yes.

5          THE COURT:  All right.  Thank you.  Based on your

6   responses, I find that your guilty plea is voluntary.

7      Now, again, at this time, do you have any questions or

8   second thoughts about entering a plea of guilty to this

9   charge?

10         THE DEFENDANT:  No, Your Honor.

11         THE COURT:  Would you please stand for me.

12     How do you plead to Count 1 of the original indictment

13  charging you with conspiracy to communicate restricted data?

14         THE DEFENDANT:  Guilty.

15         THE COURT:  Thank you.  Please be seated.

16     In the case of the United States versus Diana Toebbe, I

17  find that Ms. Toebbe is fully competent and capable of entering

18  into an informed plea.  I find that there is a sufficient

19  factual basis for her plea of guilty.  I find that Ms. Toebbe

20  understands the nature of the charge and the consequences of a

21  guilty plea to the charge.  I find that Ms. Toebbe understands

22  the constitutional and other legal rights she is giving up

23  because of her plea, and I find that Ms. Toebbe's plea is

24  voluntary.

25     While I defer accepting the terms of the plea agreement and

1   adjudging the defendant guilty to the sentencing court, I do

2   accept the plea of guilty to Count 1 of the original

3   indictment.

4       Ms. Toebbe, the sentencing court must consider the

5   following factors when determining the sentence that you will

6   receive:  The nature and circumstances of the offense; your

7   history and characteristics; the necessity of punishing you,

8   deterring you, protecting the public from you or providing you

9   with training, medical care, or other treatment; the kinds of

10  sentences and sentencing range established by the sentencing

11  guidelines; the need to give defendants with similar criminal

12  records similar sentences; and the need to provide restitution

13  to any victims of the offense.

14      In order to help the sentencing court consider these

15  factors, the probation office is required to conduct a

16  presentence investigation of you and submit a report to the

17  sentencing court.  I strongly encourage you to discuss this

18  process and your participation in the same as the information

19  in this report might have an impact on the sentence you

20  ultimately receive.

21      Understand that you must not commit any crimes between now

22  and sentencing because there are additional punishments that

23  may be imposed for committing additional crimes.  Do you

24  understand?

25              THE DEFENDANT:  Yes.

1          THE COURT:  Pursuant to Section 6A1 of the United

2    States Sentencing Guidelines, I order the probation office to

3    conduct a presentence investigation of Ms. Toebbe, prepare a

4    draft presentence investigation report, and disclose its

5    contents to the government and Ms. Toebbe.  I further direct

6    the probation officer and all parties comply with Federal Rule

7    of Criminal Procedure 32 and U.S. Sentencing Guideline Section

8    6A1.2 regarding deadlines for disclosure, objection, departure

9    motion, or sentencing statement and requirements.  The

10   sentencing court will set this matter for sentencing following

11   the receipt of the presentence report.

12      Mr. MacMahon, Mr. Douglas, if either of you anticipate a

13   lengthy sentencing hearing, please notify the sentencing court

14   in advance so that an adequate amount of time can be set aside

15   for that hearing.  And I just note that Judge Groh is normally

16   setting sentencings for about 45 minutes so if you anticipate a

17   longer period of time, I would encourage you to contact her

18   chambers and seek additional time.

19          MR. DOUGLAS:  Yes, Your Honor.

20          MR. MACMAHON:  Yes, Your Honor.

21          THE COURT:  All right.  Counsel, anything further we

22   need to address before we adjourn today?

23          MR. DOUGLAS:  Not on behalf of the government, Your

24   Honor.

25          MR. MACMAHON:  Nothing for the defendant, Your Honor.

1           THE COURT:  All right.  With that in mind, thank you.

2  The defendant is hereby remanded to the custody of the U.S.

3  Marshals Service, and we stand adjourned.

4

5           (Hearing concluded at 11:49 A.M.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                         CERTIFICATE

2

3          I, Kate A. Slayden, Registered Professional Reporter

4  and Official Court Reporter of the United States District Court

5  for the Northern District of West Virginia, do hereby certify

6  that the foregoing is a true and correct transcript to the best

7  of my ability of the digitally-recorded proceedings had in the

8  above-styled action on February 18, 2022, as transcribed by me.

9          I certify that the transcript fees and format comply

10  with those prescribed by the Court and Judicial Conference of

11  the United States.

12          Given under my hand this 6th day of December 2022.

13

14

15                              /s/Kate A. Slayden

16                              Kate A. Slayden, RPR, CCR
                                Official Reporter, United States
17                              District Court for the Northern
                                District of West Virginia
18

19

20

21

22

23

24

25